**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TAMOLE TIERRA PATTIJO LAUINA,<br><br>    Defendant. | Case No. 3:18-cr-00106-SLG |

## ORDER REGARDING RESTITUTION

Defendant Tamole Tierra Pattijo Lauina was sentenced on November 15, 2021. At the sentencing hearing, the Court invited the parties to file supplemental briefing related to restitution.[1] Ms. Lauina submitted a supplemental brief at Docket 405. The government did not file a supplemental brief.

**I. Background**

Ms. Lauina pleaded guilty and was convicted of being an Accessory after the Fact related to a federal Kidnapping.[2] The Presentence Investigation determined that "[r]estitution in the amount of $981,171.73 is owed to the Alaska Native Medical Center."[3] The plea agreement stipulates that the Court "will have sole discretion ultimately to determine if the defendant has liability for any

---

[1] Docket 389 (minute entry).

[2] Docket 391. *See also* 18 U.S.C. § 3 (Accessory After the Fact).

[3] Docket 280 at 3 (under seal).

restitution owed to VICTIM A."[4]  "Victim A"—also referred to as Victim A.M.—is the person who was kidnapped and assaulted in this case, resulting in Victim A.M. receiving critical medical care from the Alaska Native Medical Center.  The plea agreement also stipulates that "the Court may order the defendant to pay restitution pursuant to the [sic] 18 U.S.C. § 3663."[5]  The issues before the Court are whether and to what extent Ms. Lauina must pay restitution to the Alaska Native Medical Center and what amount of restitution Ms. Lauina must pay to Victim A.M.

## II. The applicable restitution statute

"Federal courts have no inherent power to award restitution, but may do so only pursuant to statutory authority."[6]  Statutory authority commonly derives from the Victim and Witness Protection Act (18 U.S.C. § 3663) and the Mandatory

---

[4] Docket 126 at 10.

[5] Docket 126 at 9.

[6] *United States v. Follet*, 269 F.3d 996, 998 (9th Cir. 2001) (citing *United States v. Hicks*, 997 F.2d 594, 600 (9th Cir. 1993)).

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 2 of 9
Case 3:18-cr-00106-SLG-MMS   Document 449   Filed 02/17/22   Page 2 of 9

Victims Restitution Act (18 U.S.C. § 3663A).[7] The Court applies § 3663 to this case.[8] The procedures of restitution are governed by 18 U.S.C. § 3664.[9]

### III. The victim

Section 3663 defines a victim as a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ."[10] In this case, the victim is Victim A.M. Although the Alaska Native Medical Center incurred costs for medical care on account of the kidnapping and assault, it was not a victim of Ms. Lauina's crime. Section 3663(a) "specifically allows courts to order 'restitution to persons other than the victim of the offense' but only 'if agreed to by the parties in the plea agreement.'"[11] The parties did not specifically agree that Ms. Lauina would be liable for restitution to any entity other than Victim A.M. However, the plea agreement's provision that "[t]he Court will have sole discretion ultimately to determine if the defendant has liability for any restitution

---

[7] 18 U.S.C. § 2248 authorizes restitution in cases involving sexual abuse of a minor, which is not at issue in this case.

[8] The Court need not decide whether Ms. Lauina's conviction as an Accessory After the Fact qualifies as a predicate crime of violence required to make § 3663A applicable to this case. However, because Ms. Lauina was convicted of an offense under Title 18, § 3663 applies. *United States v. Woodley*, 9 F.3d 774, 780 (9th Cir. 1993).

[9] *Follet*, 269 at 1000 (citing *Hughey v. United States*, 495 U.S. 411, 418 (1990)).

[10] 18 U.S.C. § 3663(a)(2).

[11] *Id.* at 1001 (quoting 18 U.S.C. § 3663(a)(1)(A)). *See also* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.").

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 3 of 9
Case 3:18-cr-00106-SLG-MMS   Document 449   Filed 02/17/22   Page 3 of 9

owed to VICTIM A"[12] does not exclude the possibility of restitution being owed to a third party; the provision only dictates how restitution to Victim A.M. will be determined. Moreover, the parties agreed that the Court could order Ms. Lauina to pay restitution pursuant to § 3663.[13] As discussed *infra*, § 3663(b) provides for restitution to third parties in some instances.

## IV. The Court's authority to award restitution for medical expenses incurred by ANMC

Section 3663(b)(2)(A) provides that "in the case of an offense resulting in bodily injury to a victim," the restitution order may require that the defendant "pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care." The Ninth Circuit has held that "[t]his wording expresses Congress' intention that a defendant must, in every case involving bodily injury, pay what it costs to care for the victim, *whether or not the victim paid for the care or was obligated to do so.*"[14]

In *United States v. Cliatt*, the victim was a member of the Army who was treated in a military hospital after being attacked by the defendant. Although the military hospital did not charge the victim for the cost of the victim's care, the district

---

[12] Docket 126 at 10.

[13] Docket 126 at 9.

[14] *United States v. Cliatt*, 338 F.3d 1089, 1091 (9th Cir. 2003) (emphasis added); *see also Follet*, 269 F.3d 996 at 1001 ("[t]hat locution . . . appears clearly to allow restitution to reflect the value of services provided, no matter who is obligated to pay for them."); *United States v. De La Fuente*, 353 F.3d 766, 773, n.6 (9th Cir. 2003) (citing *Cliatt*, 338 F.3d at 1091) (A "district court [is] not required to limit its restitution order to [the defendant's] intended victims.").

court ordered that restitution be made to the military hospital. Affirming that order on appeal, the Ninth Circuit held that the military hospital was entitled to restitution for the cost of the victim's case, whether or not the hospital itself was a "victim," because the language of section 3663A(b)(2)(A)—which is identical to the language of § 3663(b)(2)(A)[15]—provided that restitution must cover "what it costs to care for the victim, whether or not the victim paid for the care or was obligated to do so," and without specifying to whom the payment could be made.[16] The Circuit later reaffirmed that holding in *United States v. Andrews*, holding that "the district court may order that restitution be paid directly" to a crime victim's compensation program that had paid the victim's medical bills and loss of income but had not sought reimbursement from the victim.[17]

Ms. Lauina acknowledges that Victim A.M. "was directly and proximately harmed as a result of the commission of the underlying offense."[18] Ms. Lauina also "recognizes and agrees that restitution to Victim A.M. is appropriate in this case" but maintains that "[t]here is no evidence that A.M. owes ANMC for his medical services." This argument is foreclosed by *Cliatt* and the plea agreement's

---

[15] The Ninth Circuit has described the language in both § 3663(b)(2)(A) and § 3663A(b)(2)(A) as "a scheme in which the focus in a restitution order may be on the economic value of the services provided" instead of one focused "upon who is responsible for paying for the services." *Follet*, 269 F.3d at 1001.

[16] *Id.* at 1091.

[17] 600 F.3d 1167, 1175 (9th Cir. 2010).

[18] Docket 405 at 2.

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 5 of 9

provision that the Court can order restitution pursuant to § 3663. The Court finds that restitution to be paid directly to ANMC by Ms. Lauina may be ordered pursuant to 18 U.S.C. § 3663(b)(2)(A).

Regarding the award of restitution to Victim A.M., the government has not presented any information regarding Victim A.M.'s direct losses.[19] Therefore, the Court will not award any restitution to Victim A.M.

**V.   Ms. Lauina's financial resources and ability to pay**

"Ordering restitution under the VWPA [§ 3663] is discretionary and requires the district court to consider the defendant's financial resources and ability to pay."[20] Ms. Lauina bears the burden on demonstrating any limits on her financial resources.[21]

Ms. Lauina contends that she has no savings, owns no property, has approximately $6,000 in debt, and is only qualified for minimum-wage jobs.[22] She maintains that she should be given her own restitution order in the amount of $97,117 instead of a joint-and-several liability restitution order with her co-defendants in the amount of $981,171.[23] The Court has considered Ms. Lauina's

---

[19] 18 U.S.C. § 3664(e).

[20] *United States v. Grice*, 319 F.3d 1174, 1177 (9th Cir. 2003) (citing 18 U.S.C. § 3663(a)(1)(A)–(B)).

[21] 18 U.S.C. § 3664(e).

[22] Docket 405 at 4.

[23] Docket 405 at 3, 5. Ms. Lauina reaches this amount by dividing $981,171.73 equally between the five defendants: she then asserts that her portion should then be capped at 50% "[b]y

financial resources and ability to pay. Ms. Lauina does not appear to have any dependents. She also appears to be employable both while in custody and once released from custody. The Court finds that the magnitude of financial loss in this case is very high and was not principally caused by Ms. Lauina's own actions, and Ms. Lauina's current limited resources and future earning potential warrant some reduction in her share of restitution commensurate with her ability to pay.

Ms. Lauina also asserts that she played a "relatively minimal role" and "asks that a restitution amount reflect her role . . . ."[24] Ms. Lauina's attempt to minimize her role in the assault on Victim A.M. is not entirely persuasive. As admitted in relevant part in her plea agreement:

> Faumui went and retrieved a brand new aluminum baseball bat that he handed to Junior. Lauina had followed Faumui into [the] garage and saw the exchange. Lauina stood by and watched as Mac beat Victim A three times with the broom handle. Victim A remained lying face down on the floor, bound and gagged, with a towel beneath his face. After the third, she [Lauina] walked over to Mac and talked to him. She left and returned with a replacement shirt for Junior. Victim A remained on the floor, bound, gagged, and now with a fall garbage bag on his head that Ahvan had placed there. Lauina watched as Victim A struggled against his restraints. As she [Lauina] smoked a cigarette, she nudged away the garbage bag with her foot,

---

applying the one-half formula from 18 U.S.C. § 3." This results in $97,117.73. However, the 5% formula in § 3 applies to fines, not to restitution.

[24] Docket 405 at 4. Ms. Lauina's citation to *Paroline v. United States*, 572 U.S. 434, 459 (2014) is inapplicable here. In *Paroline*, the Supreme Court considered the required restitution in the "special context" when a defendant possessed child pornography images of a victim but the images were also possessed by an unknown number of other people as the images were trafficked, causing continuous harm to the victim. 572 U.S. at 458. In contrast, here Ms. Lauina and her co-defendants acted together, to the exclusion of all others, to cause one injury to the victim.

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 7 of 9
Case 3:18-cr-00106-SLG-MMS   Document 449   Filed 02/17/22   Page 7 of 9

> which she also used to touch Victim A's head.  She inspected the area around Victim A's head, the towel, and the blood.[25]

After the brutal beatings, kickings, and stompings of Victim A.M. ended and Ms. Lauina's co-defendants had loaded his body into a dog kennel and into the back of a truck while holding the truck's driver at gunpoint, Ms. Lauina drove at least four rifles away from the residence "with the intent to remove them from the scene of the kidnapping and beating."[26]  The Court has also viewed the home surveillance video of the beating, which shows Ms. Lauina watching as her co-defendants beat Victim A.M. to the point where he was unconscious and nearly dead, after which she helped to clean up the scene and hide evidence.  Despite the title of the offense of conviction (Accessory After the Fact), the evidence demonstrates that Ms. Lauina participated in the assault and kidnapping and contributed to Victim A.M.'s need for extensive medical care.  However, the Court acknowledges that Mr. Lauina's role in the assault of the victim itself was less serious than the roles of the actual assaulters.[27]

Based on the foregoing, the Court finds by a preponderance of the evidence that Ms. Lauina should be held liable for one-third of the total amount owed in

---

[25] Docket 126 at 7.

[26] Docket 126 at 8.

[27] *See* 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 8 of 9
Case 3:18-cr-00106-SLG-MMS   Document 449   Filed 02/17/22   Page 8 of 9

restitution to the Alaska Native Medical Center. Because more than one defendant in this case contributed to the harm to Victim A.M. and to the need for necessary medical care, that amount is ordered joint and several with the co-defendants in this case.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that restitution from Ms. Lauina is owed to the Alaska Native Medical Center in the amount of **$327,057.24**. This restitution is ordered joint and several with the co-defendants in this case. Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater. Interest on the restitution shall not be waived. The Clerk of Court shall prepare a supplemental judgment accordingly. IT IS SO ORDERED.

DATED this 17th day of February, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00106-SLG, *United States v. Lauina*
Order Re Restitution
Page 9 of 9
Case 3:18-cr-00106-SLG-MMS   Document 449   Filed 02/17/22   Page 9 of 9